IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAGNA MIRRORS OF AMERICA, INC.,

    Petitioner,

           v.

PITTSBURGH GLASS WORKS LLC,

    Respondent,

3M COMPANY,

    Party in Interest,

2:12-mc-359
**ELECTRONICALLY FILED**
**RELATED TO**
2:07-cv-10688 (E.D. Mich.)

### MEMORANDUM ORDER RE: MOTION TO COMPEL (DOC. NO. 1)

**I. Introduction**

Currently before the Court is Magna Mirrors of America, Inc.'s ("Magna's") Motion to Compel (with supporting Brief) Pittsburgh Glass Works, LLC ("PGW") to Produce Documents. Doc. Nos. 1 and 2. On July 24, 2012, Petitioner Magna issued a subpoena to Respondent PGW seeking the production of various documents. Doc. No. 2-2. The subpoena issued by Magna relates to a pending patent infringement case in the Eastern District of Michigan, to which PGW is not a party. After careful consideration of the Motion to Compel and Brief in support thereof (Doc. Nos. 1 and 2), PGW's Brief in Opposition (Doc. No. 4), and all of the relevant documents in the underlying case, Magna's Motion to Compel (Doc. No. 1) will be **GRANTED in PART and DENIED in PART**.

## II. Standard of Review

Rule 45 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed.R.Civ.P. 45(c)(1). Rule 45 also provides that the Court "shall quash or modify the subpoena if it . . . subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iv).

In general, a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party. Fed.R.Civ.P. 26(b)(1). The Court may limit discovery when justice requires "to protect a party or person from . . . undue burden or expense." Fed.R.Civ.P. 26(c).

## III. Discussion

### A. There is No Requirement for a Meet and Confer

PGW first argues that the Motion to Compel (Doc. No. 1) fails to comply with Fed.R.Civ.P. 37(a)(1) because there is no written certification that Magna conferred, or attempted to confer, in good faith, with PGW in an attempt to obtain the documents without Court action. PGW avers that no meet and confer has occurred to date. Thus, as a threshold matter, the Court must decide whether a subpoena issued to a third party under Fed.R.Civ.P. 45 requires that a meet and confer occur pursuant to Fed.R.Civ.P. 37(a)(1). Although there is a split on the issue, District Courts within the Third Judicial Circuit have held that subpoenas issued pursuant to Rule 45 do not have to comply with the provisions of Rule 37. *See McAleese v. Owens*, 1991 WL 329930, *4 (M.D. Pa. Dec. 5, 1991)[1] (McClure, J.) (citations omitted); *see*

---

[1] Although Westlaw lists this case as being from the Western District of Pennsylvania, it was a Middle District of Pennsylvania case.

*also Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir. 1975); *but see In Re Subpoenas to Prof. Sales & Mktg Group, Inc.*, 2010 WL 1489912 (N.D. Ill. Apr. 9, 2010).

The wording of Fed.R.Civ.P. 37(a)(3) supports this holding. Rule 37(a)(3) states that:

A party seeking discovery may [move to compel] if:

(i) a deponent fails to answer a question asked under Rule 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

*Id*. There is no specific provision for a Motion to Compel pursuant to Rule 37 for failure to comply with a Rule 45 subpoena. Furthermore, Fed.R.Civ.P. 45(c)(2)(B)(i) provides that, "[a]t any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection." The phrase "at any time" demonstrates that, unlike Rule 37, there is no prerequisite for a party to make a motion pursuant to Rule 45. Therefore, the Court holds that the meet and confer requirement of Fed.R.Civ.P. 37(a)(1) does not apply to a Motion to Compel pursuant to Fed.R.Civ.P. 45(c)(2)(B)(i).

**B. The Subpoena is an Undue Burden on PGW**

Having addressed the threshold issue, the Court turns to the merits of the Motion to Compel. First, PGW's argument that some of the documents may be privileged can easily be resolved with the production of a privilege log. Next, PGW argues that Magna is attempting to obtain pre-Complaint discovery. The Court will limit the subpoena only to the patent-in-suit to avoid this possibility. PGW next argues that some of the documents are available from 3M. Magna modified its previously issued subpoenas in order to only request internal documents of

PGW. The Court finds that this limitation is adequate to protect PGW from being forced to produce documents that are already in the possession of 3M.

PGW's main argument is that, as a third party, the subpoena is an undue burden. The Court notes that it took four attempts by Magna to comply with the very simple procedural requirements of Fed.R.Civ.P. 45. Each of these failed attempts produced costs for PGW. The Court finds credible the affidavit of Peter Dishart that tens of thousands of documents, in at least four locations, would have to be searched in order to comply with the subpoena. Doc. No. 4-10.

The Advisory Committee Notes to Rule 45 state:

> A non-party required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court. This provision applies, for example, to a non-party required to provide a list of class members. The court is not required to fix the costs in advance of production, although this will often be the most satisfactory accommodation to protect the party seeking discovery from excessive costs.

To that extent, the United States Court of Appeals for the Third Circuit has held that:

> Fed.R.Civ.P. 45(c)(2)(B) imposes mandatory fee shifting and directs the court to "protect" a nonparty from "significant expense resulting from inspection and copying commanded." Thus, district courts must determine whether the subpoena imposes expenses on a non-party and whether those expenses are significant. James Wm. Moore, 9 Moore's Federal Practice § 45.04[2] (3d ed. 2001). Significant expenses must be borne by the party seeking discovery. Id

*R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 F. App'x 880, 882-83 (3d Cir. 2002). The three factors to be considered in deciding if the expenses on a non-party are significant are "whether the nonparty actually has an interest in the outcome of the case, whether the nonparty can more readily bear the costs than the requesting party and whether the litigation is of public importance." *In Re Law Firms of McCourts*, 2001 WL 345233, at *7 (S.D.N.Y. Apr. 9, 2001) (quoting *Linder v. Calero–Portocarrero*, 180 F.R.D. 168, 177 (D.D.C. 1998)).

In this case, Magna argues that it is not pursuing PGW for infringement of the patent-in-suit, rather it is just seeking information to prove its case against 3M. Although PGW may be impacted by the decision in the pending litigation, possibly having 3M change the way in which mirrors are attached to windshields, the impact to PGW would not be significant. Second, both Magna and PGW are large companies and can easily bear the costs of production. Finally, the pending litigation is not a matter of public importance. Therefore, two of the three factors weigh in favor of Magna bearing the costs while the third is neutral. Therefore, the Court will order that Magna bear the costs of complying with the subpoena, including fees incurred for attorneys to review the documents. *See, e.g., Western Benefit Solutions, LLC v. Gustin*, 2012 WL 4417190, *5 (D. Idaho Sept. 24, 2012); *Chevron Corp. v. Salazar*, 2011 WL 7112979, *4 (D. Or. Nov. 30, 2011); *Jardin v. DATAllegro, Inc.*, 2011 WL 4835742, *9 (S.D. Cal. Oct. 12, 2011); *see also United States v. Columbia Broad. Sys., Inc.,* 666 F.2d 364 (9th Cir. 1982).

**IV. Order**

AND NOW, this 15th day of October, 2012, **IT IS HEREBY ORDERED** that Magna's Motion to Compel (Doc. No. 1) is **GRANTED in PART and DENIED in PART**.

1. The subpoena is modified as follows: Only documents that have been created since 1998 need to be produced. Requests 5 and 6 are limited in scope to the patent-in-suit.

2. To the extent PGW argues that documents are protected by privilege, it shall produce a privilege log to Magna. PGW shall otherwise comply with the subpoena.

3. All costs of complying with the subpoena shall be borne by Magna. These costs shall include, but are not limited to: costs for individuals searching for responsive documents, fees for attorneys reviewing the documents, and copying costs.

4. If Magna and PGW have a dispute with regards to Magna's payments for the costs of compliance, either party may, after meeting and conferring in a good faith effort to resolve the dispute, file a Motion for relief with this Court.

                                                  s/ Arthur J. Schwab
                                                  Arthur J. Schwab
                                                  United States District Judge

cc: All ECF Counsel of Record
    Hon. Victoria A. Roberts
    Hon. Laurie J. Michelson